FILED

AUG 3 1 1999

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Lynne Thornton, | ) |
| Plaintiff, | ) C/A No.: 6:98-2360-24 |
| vs. | ) |
| BASF, | ) **ORDER** |
| Defendant. | ) |

Before this court are Plaintiff's and Defendant's cross-motions for summary judgment. Plaintiff brought this action alleging that she was terminated in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2915, for an absence that was allegedly the result of a "serious health condition." Plaintiff also brought state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing for violating those provisions of Defendant's employee handbook notifying Plaintiff of her rights under the FMLA. Plaintiff filed her motion for summary judgment as to her FMLA claim. Defendant then made its cross-motion for summary judgment as to all Plaintiff's claims. For the reasons more fully set forth below, this court grants Defendant's motion for summary judgment as to all Plaintiff's claims and denies Plaintiff's motion for summary on her FMLA claim.

## Factual Background

Plaintiff, Lynne Thornton, worked for Defendant from September 20, 1993, until her termination for excessive absenteeism on April 30, 1998. Affidavit of Lynne Thornton, para. 1



("Thornton Aff."). On January 9, 1998, Plaintiff began a thirteen-week medical leave of absence due to heart problems. *Id.* During this thirteen-week leave of absence, Plaintiff qualified for and collected short-term disability ("STD") benefits from Defendant's STD plan. Affidavit of Vera Edwards, para. 13 ("Edwards Aff."). Pursuant to the requirements of that plan, Plaintiff provided four monthly doctors' certifications indicating that she was unable to return to work. Thornton Aff. ¶ 2; Edwards Aff. ¶ 13. The final monthly certification, dated April 7, 1998, indicated that Plaintiff could return to work with no physical restrictions. Thornton Aff., Exh. A. Plaintiff returned to work a week later on April 14, 1998. Thornton Aff. ¶ 7. On April 30, 1998, two weeks after returning to work, Defendant terminated Plaintiff for excessive absenteeism. Thornton Aff. ¶¶ 8-9. During those two weeks, Plaintiff was not absent from work. Thornton Aff. ¶ 7.

Defendant alleges that during Plaintiff's four and one-half years of employment with Defendant, she received several verbal and written warnings for excessive absenteeism. Edwards Aff., pp. 1-3. Plaintiff's personnel records indicate that Plaintiff received her first final written warning for excessive absences on June 25, 1995. Edwards Aff., Exh. C. In this 1995 warning, Plaintiff was advised that if her attendance record did not improve, she would be terminated. *Id.* On September 12, 1997, Plaintiff received a second final written warning regarding her excessive absenteeism. *Id.* at ¶ 12. In this written warning, Plaintiff's supervisor, Howie Crenshaw, again warned Plaintiff that additional absences could lead to further disciplinary action, including termination. Edwards Aff., Exh. C.

Defendant provides for its employees up to 26 weeks of paid leave under its STD plan. Edwards Aff. ¶ 26 & Exh. B. Plaintiff qualified for this benefit under the terms of the STD plan and received paid leave from January 9, 1998, until her return to work in April 14, 1998 – a thirteen-

2

week period of paid leave. Thornton Aff. ¶¶ 3 & 7. Defendant admits that it is the company policy to require employees to choose between paid STD leave and unpaid FMLA leave. Def.'s Response to Rule 26.06 Int.(b); Edwards Aff., Exh. E. In addition, it is Defendant's policy to consider days missed while on STD leave in evaluating an employee's attendance. Edwards Aff. ¶ 27. Defendant argues that because Plaintiff failed to choose FMLA leave instead of STD leave, she is not entitled to the protections of the FMLA. Defendant also admits that it considered Plaintiff's thirteen-week STD leave in reaching its decision to terminate her for excessive absenteeism. *Id.* ¶ 14.

Plaintiff has not argued she was unaware of her rights under the FMLA. In fact, Plaintiff has also filed a claim for breach of contract for Defendant's failure to comply with provisions of the FMLA contained in her employee handbook. Complaint at ¶ 16. Instead, Plaintiff contends that she did not understand that by accepting paid STD leave that she would forfeit her FMLA rights. Thornton Aff. ¶ 24. Defendant alternatively argues that its decision to terminate Plaintiff was not in violation of the FMLA, because Plaintiff lost the protection of the Act when she missed more than the statutorily protected twelve weeks of leave.

Plaintiff has also brought a claim for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff alleges that Defendant breached its contract with her by failing to comply with the outline of FMLA rights contained in Defendant's employee handbook. Complaint at ¶¶ 16 & 17. Defendant argues that its employee handbook does not constitute a contract of employment as its handbook contained a disclaimer. Defendant has provided a copy of the disclaimer page from its employee handbook. Edwards Aff., Exh. F. It contains the following language:

3

**Your Employee Handbook**

**BASF Corporation**

This handbook is presented to you to provide general information about BASF Corporation. The policies and procedures contained in this Handbook may be changed at any time by the Corporation, and such changes shall be effective on the date established by the Corporation. You will be informed of any changes within a reasonable amount of time after they occur, and new pages for the Handbook will be issued. Please be sure to keep your Handbook up to date.

**Note:** This Handbook contains general statements concerning the policies and procedures of the Corporation. It is not intended to define all of the terms and conditions of your employment. If you have any questions about a particular policy or situation not covered by the Handbook, you should consult your immediate supervisor or your local site Human Resources Department.

This Handbook does not constitute a contract for employment with BASF, either expressed or implied, nor a contract with respect to the terms and conditions of employment. BASF reserves the right at any time to change or eliminate any of the benefit plans described herein at any time at its sole discretion.

Employment at BASF is "at-will." That is, either you or BASF may terminate the employment relationship at any time, with or without cause. The at-will relationship remains in full force and effect at all times unless you and an authorized representative of BASF sign a written employment contract.

*Id.* This language appears on the first page of the handbook. Edwards Aff. at ¶ 24. Plaintiff has offered no evidence to refute Defendant's argument that its handbook does not constitute a contract of employment.

### Summary Judgment Standard

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The role of the court in deciding a motion for summary judgment "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."



4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In ruling on cross-motions for summary judgment, the court must rule on each motion independently, deciding whether each moving party has met their prospective burdens under Rule 56. *Creech v. N.D.T. Indus., Inc.*, 815 F. Supp. 165 (D.S.C. 1993).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. If the defendant carries its burden of showing an absence of evidence to support a claim, the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of a plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, production of a "mere scintilla of evidence" in support of an essential element will not prevent the granting of a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 251. With these principles in mind, the court will address the parties' cross-motions for summary judgment.

### Plaintiff's FMLA Claim

The FMLA allows covered employees to take up to twelve weeks of unpaid medical leave in any twelve-month period for serious health conditions and protects their right to be placed in the same or an equivalent position upon their return. 29 U.S.C. §§ 2612(a)(1)(D) & 2614(a). The FMLA defines a "serious health condition" as any physical or mental condition that involves inpatient care or continuing treatment by a health care provider. 29 U.S.C. § 2611(11). Two of the stated policy goals of the FMLA are to "balance the demands of the workplace with the needs of families" and to "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. §§ 2601(b)(1) & (2). The FMLA also makes it unlawful for an employer to interfere with, restrain, or deny the exercise of any of these rights. 29 U.S.C. § 2615(a)(1).

The gravamen of Plaintiff's FMLA claim is that Defendant impermissibly considered her thirteen-week absence in reaching its decision to terminate her employment on the grounds of excessive absenteeism. Plaintiff contends that she is entitled to protections under the FMLA for the entire duration of her STD leave. Defendant argues that because Plaintiff did not choose to take unpaid FMLA leave, but instead chose paid leave under BASF's STD plan, she is not entitled to protection under the FMLA. Defendant alternatively argues that, assuming Plaintiff's absence is protected by the FMLA, she is not entitled to protection because she missed more than twelve weeks of work. Defendant does not dispute that Plaintiff's heart condition does qualify as a "serious health condition" for purposes of the FMLA.

This case centers around apparent ambiguities contained in the notice provisions of the FMLA. Plaintiff argues that Defendant violated the Act by considering Plaintiff's thirteen-week absence in making its decision to terminate her. Pl. Brief, p. 4. Defendant makes two alternative

6

arguments. First, Defendant argues that because Plaintiff was not on FMLA leave, her absence was not protected and its decision to terminate her did not violate the Act. Alternatively, Defendant argues that because Plaintiff missed more than twelve weeks of work, she was not entitled to job protection for the final week of her paid medical leave.

The FMLA provides an entitlement to a total of twelve weeks of leave per twelve-month period for an eligible employee. 29 U.S.C.A. § 2612(a)(1). This entitlement is clearly stated. Plaintiff argues that Defendant violated the FMLA by not orally advising Plaintiff of her rights under the FMLA at the time she applied for STD leave. Pl. Memo. at 5. This court finds that the Act does not require Defendant to orally advise Plaintiff of her FMLA rights. The FMLA provides for certain posting requirements. 29 C.F.R. § 825.300 provides:

> Every employer covered by the FMLA is required to post and keep posted on its premises, in conspicuous places where employees are employed, . . . a notice explaining the Act's provisions.

Defendant posted such a notice. Edwards Aff. ¶ 19. Further, section 301(a)(1) provides:

> If an FMLA-covered employer has any eligible employees and has any written guidance to employees concerning employee benefits or leave rights, such as in an employee handbook, information concerning FMLA entitlements and employee obligations under the FMLA must be included in the handbook or other document.

Defendant also provided Plaintiff with an employee handbook explaining her rights under the FMLA. Edwards Aff. ¶ 17 & Exh. A. The regulations require only written notification of FMLA rights. If an employer "*does not have* written policies, manuals, or handbooks describing employee benefits and leave provisions, the employer shall provide *written guidance* to an employee concerning all the employee's rights and obligations under the FMLA." 29 C.F.R. § 825.301(a)(2).

7

Plaintiff received more than the required notice by Defendant's posting of FMLA notices and by placing an explanation of FMLA rights in its employee handbook.

In addition to the general notice provisions, if an employer designates leave, paid or unpaid, as FMLA leave and, as a result, counts it against the employee's total FMLA entitlement, the employer must provide notice to the employee. Section 825.208 provides:

> (a) In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give *notice of the designation* to the employee as provided in this section.
>
> * * *
>
> (c) If the employer requires paid leave to be substituted for unpaid leave, or that paid leave taken under an existing leave plan be counted as FMLA leave, this decision must be made by the employer within two business days of the time the employee gives notice of the need for leave, or, where the employer does not initially have sufficient information to make a determination, when the employer determines that the leave qualifies as FMLA leave if this happens later.

29 C.F.R. § 825.208(a) & (c)(emphasis added). Defendant allows its employees to take up to twenty-six weeks of paid leave under its STD plan and in addition allows employees to use their FMLA leave if it is still necessary at the end of the twenty-six-week period. Edward Aff. ¶ 26 & Exh. E. Defendant did not provide notice to Plaintiff that her leave would count against her twelve-week entitlement because it did not count Plaintiff's STD leave as FMLA leave. Thus, Defendant had no duty to notify Plaintiff that her leave was not considered FMLA leave.

Defendant's policy of requiring Plaintiff to choose between paid unprotected and unpaid protected leave is consistent with the plain meaning of the statute. The FMLA grants an employer the option of requiring the concurrent running of FMLA leave and any paid leave which the employee may otherwise be entitled. 28 U.S.C. § 2612(d)(2)(B). The Act, however, places no restrictions on the employer's ability to coordinate its employee's paid and unpaid leave.

8

Plaintiff points to section 825.220(d) of the regulations in arguing that Defendant's policy violates the FMLA. The section provides:

> Employees cannot waive, nor may employers induce employees to waive, their rights under the FMLA. For example, employees . . . cannot "trade off" the right to take FMLA leave against some other benefit offered by the employer.

*Id.* The facts of the present case do not support Plaintiff's position that she was forced to waive or "trade off" any other right. In fact, Plaintiff admits in her affidavit that she was never told that she forfeited any rights under the FMLA by accepting STD benefits. Thornton Aff. ¶ 24. Plaintiff simply never requested FMLA leave. If Plaintiff had not been terminated for excessive absenteeism, then Plaintiff would have been entitled to twelve weeks of FMLA leave had she experienced another qualifying event after returning from STD leave. This court finds that Defendant's policy does not violate the FMLA, and Plaintiff was not on FMLA leave during her thirteen-week absence. This court grants Defendant's motion for summary judgment on Plaintiff's claim that Defendant's leave policy violated the FMLA.

Even if Defendant engaged in a technical violation of the FMLA by taking into account Plaintiff's first twelve weeks of medical leave in making its decision to terminate her, this court finds that Plaintiff was not entitled to protection for the last week of her paid STD leave. Plaintiff received all the leave benefits to which she was entitled under the FMLA. To allow Plaintiff's claim to go forward would elevate form over substance. *See Dodgens v. Kent*, 955 F. Supp. 560 (D.S.C. 1997)(holding that where employer failed to provide notice to employee of his rights under the FMLA court would not "elevate form over substance" and find a violation of the Act where employee received the benefits he was entitled to under the Act). This court grants summary judgment for Defendant on Plaintiff's FMLA claim based on this alternative ground.

9

**Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing**

Defendant has moved for summary judgment on Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Although Plaintiff has filed no response to Defendant's motion with regard to these claims, this court finds that Defendant's employee handbook which contains a conspicuous disclaimer, does not constitute a contract of employment.

In South Carolina, an employee's at-will status can be altered by the issuance of an employee handbook. *Small v. Springs Indus., Inc.*, 357 S.E.2d 452 (S.C. 1987). However, an employer who provides its employees with a handbook can preserve their at-will status by inserting a conspicuous disclaimer stating that the handbook creates no rights of employment. *Jones v. General Elec. Co.*, 503 S.E.2d 173, 177 (S.C. 1998). In determining the conspicuousness of a disclaimer, courts have borrowed from the UCC definition. *See* S.C. Code Ann. § 31-1-201, official comment 10 (1976). "The test for conspicuousness is whether there is something about the provision that reasonably calls attention to it." *Hannah v. United Refrigerate Svs., Inc.*, 430 S.E.2d 539, 541-42 (S.C. Ct. App. 1993).

The question of whether a disclaimer is conspicuous is a question for the court to decide. *Nettles v. Techplan Corp.*, 704 F. Supp. 95 (D.S.C. 1988). In *Nettles*, the court held that a disclaimer printed in the same color and print size as the rest of the handbook which appeared in the second paragraph on the first page of an employee handbook was sufficiently conspicuous. *Id.* at 98. Like the disclaimer upheld in *Nettles*, Defendant's disclaimer appears on the first page of the handbook. Edwards Aff. at ¶ 24. Unlike the *Nettles* disclaimer, Defendant's disclaimer has a bold heading and a bold "note" drawing attention to the disclaimer language. Accordingly, this court finds that

10

Defendant's disclaimer is conspicuous and that Defendant's employee handbook did not create a contract.

Having found that the handbook does not create a contract, Plaintiff's remaining claim for breach of the covenant of good faith and fair dealing also fails. *Nettles*, 704 F. Supp. at 98. Accordingly, this court grants summary judgment for Defendant on Plaintiff's claims for breach of contract and for breach of the covenant of good faith and fair dealing.

## Conclusion

This court finds that Defendant's policy of not allowing concurrent running of STD and FMLA leave does not violate the statutory language of the FMLA. This court also finds that Plaintiff, who suffered from a "serious health condition," received all the protections of the FMLA when she was given twelve weeks of paid STD leave. Because Plaintiff took more than the twelve weeks of protected leave that she was entitled to under the FMLA, she was not entitled to protection for the final week of her medical leave. Accordingly, Defendant's decision to terminate Plaintiff for excessive absenteeism did not violate the FMLA. This court also finds that Defendant's employee handbook, which contains a conspicuous disclaimer, does not constitute a contract of employment. This court grants Defendant's motion for summary judgment as to all Plaintiff's claims.

**IT IS ORDERED** that Plaintiff's motion for summary judgment on her FMLA claim is denied.

**IT IS ORDERED** that Defendant's motion for summary judgment on Plaintiff's FMLA claim is granted.

11

**IT IS ORDERED** that Defendant's motion for summary judgment on Plaintiff's remaining state law claims is granted.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Judge

August 31st, 1999
Spartanburg, South Carolina

12